# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| KATHERINE TALLINI, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> DEWBERRY GROUP, INC., ) <br> ) <br> Defendant. ) | CIVIL ACTION FILE NO.: <br> _____ <br><br> **JURY TRIAL REQUESTED** |

## COMPLAINT

Plaintiff Katherine Tallini ("Plaintiff" or "Ms. Tallini") files this Complaint against Defendant Dewberry Group, Inc. ("Defendant" or "Dewberry Group"), alleging as follows:

### INTRODUCTION

1. Ms. Tallini was formerly employed by Defendant Dewberry Group as CEO John Dewberry's Executive Assistant. She was immensely qualified for this role as she has decades of experience supporting senior leadership and members of a Fortune 100 company. However, Mr. Dewberry thought Ms. Tallini, age 61, was "too old" for the job, and treated her poorly, and eventually terminated her employment, because of her age.

2. Ms. Tallini brings this action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*. She asserts an age discrimination claim under the ADEA and seeks injunctive and declaratory relief, back pay and lost benefits, front pay or reinstatement to a full-time position with commensurate benefits, liquidated damages, attorney's fees and costs of litigation.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights).

4. The unlawful violations of Ms. Tallini's civil rights were committed within the Northern District of Georgia. This Court is an appropriate venue for this claim under 28 U.S.C. § 1391(b) because the parties reside within the Northern District of Georgia and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff satisfied all administrative prerequisites to perfect her claims under the ADEA. Specifically, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC").

6. The EEOC issued a notice of right to sue and this suit is filed within 90 days of receipt of the right to sue letter.

## THE PARTIES

7. Ms. Tallini is a citizen of the United States and resides in the Northern District of Georgia.

8. Ms. Tallini was an "employee" of Defendant within the meaning of the ADEA.

9. Defendant is a for-profit real estate company headquartered in Atlanta, Georgia. Defendant is registered to do business in the State of Georgia and is therefore subject to this Court's jurisdiction.

10. Defendant is an "employer" within the meaning of the ADEA.

11. Defendant may be served with a summons and a copy of the Complaint in this action by delivering process to its registered agent for service of process, Douglas G. Dewberry, II, 1545 Peachtree Street, Suite 250, Atlanta, Georgia 30309.

## STATEMENT OF FACTS

12. Ms. Tallini has spent her entire career performing administrative work and has over four decades of experience performing the role of executive administrative assistant.

13. In February 2019, Dewberry CFO John Clotfelter and Director of Leasing John Freeman started to work with a recruiter to hire an Executive Assistant for CEO John Dewberry.

14. On March 6, 2019, Mr. Freeman told Mr. Dewberry that he and Mr. Clotfelter had interviewed Ms. Tallini to fill this role.

15. Over email, Mr. Freeman further wrote about Ms. Tallini: "She spent 25 years at Coke and took early retirement. I'm guessing she's around 60, but she's very eager to get back in the workforce and really liked everything [Mr. Clotfelter] and I had to say about the role. Would you like to meet her?"

16. In response, Mr. Dewberry asked Elizabeth Armstrong, Director of Brand Development, and his wife Jaimie Brown over email: "Too old?"

17. Mr. Dewberry has historically requested his recruiter to send young applicants to be considered for the Executive Assistant role.

18. Ms. Brown said she did not think Ms. Tallini was too old but that she needed to meet with her, which she did.

19. Ultimately, Ms. Tallini was hired by Dewberry Group on April 1, 2019 to be CEO John Dewberry's Executive Assistant.

20. Upon information and belief, Mr. Dewberry was opposed to hiring Ms. Tallini because she was too old.

21. While Ms. Tallini was ultimately hired, Mr. Dewberry wasted no time in treating her poorly because of her age.

22. When Ms. Tallini was hired by Dewberry, she was 61 years old.

23. Throughout Ms. Tallini's employment with the company, Mr. Dewberry called her "stupid" and "lazy" on multiple occasions.

24. Oftentimes, Mr. Dewberry would refuse to speak with Ms. Tallini and made it obvious that he did not want her working for the company.

25. In May 2019, Ms. Tallini complained to Ms. Brown that her husband, Mr. Dewberry, talked down to her and she noticed a difference in how he communicated with her as compared to other younger staff members.

26. Ms. Tallini further disclosed Mr. Dewberry's poor treatment of her with Mr. Freeman and Mr. Clotfelter. In response, they told her to "hang in there and don't take it personally."

27. On or about June 2019, Ms. Tallini told Mr. Freeman that she saw the e-mail where Mr. Dewberry questioned whether she was too old for the job. He responded, "the first time I saw you get out from under your desk and you were able to stand up, I knew you weren't too old."

28. On another occasion, Mr. Freeman also told Ms. Tallini that Mr. Dewberry used to tell the recruiter to only send him younger applicants for the Executive Assistant position.

29. On July 3, 2019, the company's receptionist resigned.

30. At that time, Ms. Tallini assumed the receptionist role, in addition to performing her job as Executive Assistant to Mr. Dewberry.

31. On or about August 13, 2019, a female in her 20s was hired as the receptionist.

32. The same day, Mr. Dewberry was notified that the young receptionist had accepted the position.

33. In response to that news, he replied: "Get rid of Kathy. I want her gone before I get back on Monday. Freeman, you do it – she's your buddy."

34. On August 15, 2019, Mr. Freeman terminated Ms. Tallini's employment at the direction of Mr. Dewberry.

35. At that time, Mr. Freeman did not provide her with any reason for her termination.

36. Ms. Tallini was later replaced with an employee in her 20s.

37. Dewberry Group is now claiming that Ms. Tallini was fired for poor performance.

38. However, during Ms. Tallini's employment, she was never told that there were any issues with her performance.

39. On August 16, 2019, Ms. Tallini was presented with, and signed, a separation agreement which states it releases her claims against the company.

40. However, the separation agreement presented to and executed by Ms. Tallini does not comply with the Older Workers Benefit Protection Act (OWBPA) since it only allowed her seven days to consider her options.

41. The OWBPA required that Ms. Tallini be given a period of at least 21 days within which to consider the separation agreement. 29 U.S.C. § 626(f)(1)(F)(i).

42. Since the separation agreement did not comply with the OWBPA, Ms. Tallini did not waive her rights to pursue claims for age discrimination. *Oubre v. Entergy Operations, Inc.*, 118 S. Ct. 838 (1998).

### COUNT I
### AGE DISCRIMINATION IN VIOLATION OF THE ADEA

43. Ms. Tallini incorporates by reference all of the preceding paragraphs of the Complaint.

44. Ms. Tallini is a member of the protected age group in that she is over the age of 40 years old.

45. Ms. Tallini was 61 years old at the time of her termination and, at all relevant times, was an employee protected by the ADEA.

46. At the time of her termination, Ms. Tallini was more than qualified for the position she held, Executive Assistant, having performed the same or similar positions over the course of her 40-year career.

47. Ms. Tallini was replaced by a younger individual or individuals outside of her protected class.

48. Defendant knowingly and intentionally discriminated against Ms. Tallini on account of her age by, among other things, subjecting her to disparate treatment because of her age, and terminating her because of her age.

49. In taking these adverse actions against Ms. Tallini, Defendant unlawfully discriminated against her on the basis of her age in violation of the ADEA.

50. Ms. Tallini is entitled to an award of back pay and benefits, front pay, liquidated damages, injunctive relief, attorneys' fees, and all other appropriate damages, remedies, and other relief available under the ADEA and all federal statutes providing remedies for violations of the ADEA.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and that the

following relief be granted:

    A.     That this Court take jurisdiction of this matter;

    B.     That process be served;

    C.     That Plaintiff be awarded a declaratory judgment that Defendant violated the ADEA;

    D.     That this Court enter a permanent injunction, prohibiting Defendant from engaging in unlawful employment practices in violation of the ADEA;

    E.     That the Court award Plaintiff back pay and all benefits, privileges, and rights previously denied under the ADEA;

    F.     That Plaintiff be reinstated to her former position with Defendant at the same pay rate, or in the alternative, receive front pay to compensate Plaintiff for lost future wages and benefits;

    G.     That the Court award Plaintiff liquidated damages under the ADEA for Defendant's willful violation of the law;

    H.     That the Court award Plaintiff her costs in this action and reasonable attorneys' fees;

    I.     That the Court grant to Plaintiff the right to have a trial by jury on all issues triable to a jury; and

J.      That the Court grant such additional relief as the Court deems proper and just.

Respectfully submitted this 14th day of September, 2021.

                                                  BUCKLEY BEAL, LLP

                                                  *s/ Edward D. Buckley*
                                                  Edward D. Buckley
                                                  Georgia Bar No. 092750
                                                  edbuckley@buckleybeal.com
                                                  Rachel Berlin Benjamin
                                                  Georgia Bar No. 707419
                                                  rberlin@buckleybeal.com
                                                  600 Peachtree Street, NE
                                                  Suite 3900
                                                  Atlanta, Georgia  30308
                                                  Telephone: (404) 781-1100
                                                  Facsimile: (404) 781-1101

                                                  *Attorneys for Plaintiff*